**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.M.-1**

**No. 22-659** (Harrison County 21-JA-182-1)

**MEMORANDUM DECISION**

Petitioner Father A.M.-2[1] appeals the Circuit Court of Harrison County's July 12, 2022, order terminating his parental, custodial, and guardianship rights to A.M.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHHR filed an abuse and neglect petition in July of 2021 alleging that the parents were homeless, abused substances, and engaged in domestic violence. According to the DHHR, petitioner and the mother were "fighting in front of the child" and, "when they fight, . . . it turns physical." The petition also alleged that the parents had recently been arrested for felony child neglect creating risk of injury after the parents and child were found parked at a fuel pump asleep in their vehicle, which contained fentanyl and other drugs. Finally, the petition alleged that petitioner's rights to an older child had previously been involuntarily terminated as a result of his substance abuse, abandonment of that child, and "failure to fully participate in services offered by the []DHHR."

In September of 2021, petitioner stipulated to several allegations in the petition, including that he suffered a substance abuse addiction, he "subjected the juvenile, [A.M.-1], to unsafe conditions" and that his parental rights to an older child were involuntarily terminated in 2018 for issues that remained uncorrected. Based on his stipulation, the court adjudicated petitioner of neglecting the child. The following month, the court granted petitioner a post-adjudicatory improvement period. As terms and conditions of the improvement period, petitioner participated in parenting education, adult life skills services, drug screens, visitation with the child, and individual and couple's counseling.

---

[1]Petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Jenna L. Robey appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the child and petitioner share the same initials, we have included numerals to differentiate them.

In March of 2022, the multidisciplinary team was informed that the mother appeared for services with a black eye earlier that month. According to one provider, the mother claimed the bruising was an accident and that she did not wish to speak about it. When a second provider asked the mother if petitioner caused the bruising, the mother responded that "it isn't the first time." The following month, the court held a status hearing, during which petitioner denied that any domestic violence occurred between the parents. At that time, the court noted that petitioner was "currently in anger management classes at the day report center" and was scheduled to "begin domestic violence classes" there as well.

At the final dispositional hearing in May of 2022, petitioner admitted that, as recently as the week prior, he denied that domestic violence occurred. However, petitioner testified that "it just occurred to [him] that [he was] guilty of a lot of different types of domestic violence." Despite this apparent admission, petitioner nonetheless denied that he caused the mother's black eye and claimed that he had engaged only in "pushing or shoving" during the course of the parents' ten-year relationship. The court also heard evidence that petitioner was involved in a traffic stop in May of 2022 during which drug paraphernalia was confiscated. Petitioner admitted that law enforcement took a "needle" from the car's glove box but denied that it was drug paraphernalia.

Based on the testimony, the court found that "[n]either of the [parents] have admitted to domestic violence within the relationship . . . , nor have they admitted to the impact witness[ing] domestic violence has on a child." The court further found that the evidence established that domestic violence had been an ongoing issue in the parent's relationship, citing an incident in 2021 where petitioner ran over the mother with a trailer, "causing injuries to [the mother's] hip, leg[,] and chest, and culminating in a broken collarbone." According to the court, despite the DHHR's offer of extensive services, petitioner simply "failed to acknowledge the significant domestic violence that is present and ongoing in the relationship." The court further concluded that although petitioner participated in services, he did not "mak[e] any changes to address the issues of neglect, which are present in the home due to [his] failure to acknowledge the problem." As such, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that termination of his rights was necessary for the child's welfare. The court then terminated petitioner's parental, custodial, and guardianship rights to the child.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises only one assignment of error in which he asserts that it was error to terminate his rights to the child. Petitioner advances several arguments in support of this assignment of error. First, petitioner claims that the court erred in concluding that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future, basing this argument on his erroneous assertion that "[d]omestic abuse was not part of this original petition . . . and no issues or concerns

---

[3]The mother's parental rights were also terminated, and the permanency plan for the child is adoption in the current placement.

regarding domestic abuse had arisen prior to March, 2022." This is simply incorrect, as the DHHR's petition clearly alleged that fights between petitioner and the mother "turn[ed] physical." Petitioner relies on this faulty recitation of the record to argue that the court's conclusion that the conditions of neglect could not be corrected was in error because "[t]he 'conditions of neglect' with which the [c]ourt must concern itself are those that gave rise to the initiation of the proceedings." Because petitioner's argument that the petition did not include allegations of domestic violence lacks a basis in the record, he is not entitled to relief.

Moreover, petitioner argues that he did, in fact, correct the conditions of neglect at issue because he produced forty-six negative drug screens during the proceedings and was participating in services. However, this argument ignores the fact that petitioner was involved in a traffic stop in which a law enforcement officer confiscated drug paraphernalia the same month as the dispositional hearing. This argument also ignores the fact that the circuit court concluded that petitioner failed to acknowledge the domestic violence in his relationship with the mother, which rendered him incapable of correcting his failure to provide the child with a safe environment. *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense."). Accordingly, petitioner's arguments must fail.

Next, petitioner argues that it was error to terminate his rights when the court could have "suspended" his rights under West Virginia Code § 49-4-604(c)(5), which permits a court to "commit the child temporarily to the care, custody, and control of the department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court." We find this argument unavailing, as West Virginia Code § 49-4-604(c)(5) provides only for *temporary* measures. We agree with the circuit court's finding that the child's tender years and need for continuity in caretakers required termination, as the record demonstrates that the child was only two years old at the time of the dispositional hearing. We have explained,

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4.

Petitioner lastly argues that termination of his rights actually harms the child, as it "destroys [the] benefit of the natural relationship between the child and father." While it is true that the court's order severed this relationship, petitioner ignores the fact that it was his conduct that necessitated this result, and he is entitled to no relief in regard to this argument. Because the court made the findings necessary to terminate petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental, custodial, and guardianship rights upon finding that there is no reasonable likelihood that the

conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental, custodial, and guardianship rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn